## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Dr. Rande Lazar,
791 Estate Place
Memphis, TN 38120


and


Otolaryngology Consultants
of Memphis, P.C.
791 Estate Place
Memphis, TN 38120


               Plaintiffs,                      C.A. No._____

               v.

The Office of Personnel Management
1900 E Street, N.W.
Washington, D.C. 20415

               Defendant.

## COMPLAINT AND NOTICE OF APPEAL

Plaintiffs, Dr. Rande Lazar and Otolaryngology Consultants of Memphis, P.C., by and

through counsel, hereby file this Complaint and Notice of Appeal, pursuant to 5 U.S.C.

§8902a(h)(2).

## INTRODUCTION

1.     Plaintiffs appeal to the United States District Court for the District of Columbia from a final agency action taken by the Office of Personnel Management ("OPM") on May 12, 2005, a copy of which is attached hereto as Exhibit A, which has resulted in the suspension of plaintiffs as providers of health care services in the Federal Employees Health Benefits Program ("FEHBP").

## PARTIES

2.     Plaintiff Dr. Rande Lazar is an otolaryngologist and his business address is 791 Estate Place, Memphis, TN 38120.

3.     Dr. Lazar conducts his medical practice through a corporate entity known as Otolaryngology Consultants of Memphis, P.C., located at 791 Estate Place, Memphis, TN 38120.

4.     Defendant, The Office of Personnel Management, is an agency of the United States government located at 1900 E Street, N.W., Washington, D.C. 20415.  OPM administers the FEHBP.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue are proper in this Court under 5 U.S.C. §8902a(h)(2). Section 8902a(h)(2) provides in relevant part:

> Any provider adversely affected by a final decision ... may seek review of such decision in the United States District Court for the District of Columbia or for the district in which the plaintiff resides or has his or her principal place of business by filing a notice of appeal in such court within 60 days after the date the decision is issued ....

## FACTUAL BACKGROUND

6.     The suspensions at issue were imposed on plaintiffs by OPM on February 4, 2005 and February 7, 2005 and reaffirmed on May 12, 2005, in a letter that denied plaintiffs' contest of the suspensions.  The letter states that "this decision regarding Dr. Lazar's suspension

constitutes the final agency action under 5 CFR §890.1038." See Exhibit A at p. 3. These suspensions bar the plaintiffs from participating as health care providers in FEHBP as well as in all other federal programs pursuant to 5 C.F.R. §890.1043(b).

7.     The suspensions stem from an indictment of Dr. Lazar in the United States District Court for the Western District of Tennessee for alleged billing and recordkeeping violations of 18 U.S.C. §1347 and 18 U.S.C. §2 on January 4, 2004. OPM took no action in initiating the suspensions for more than a year after the initial January 2004 indictment. A superseding indictment was handed up on March 2, 2005.

8.     The indictments relate to allegations of billing and record keeping and do not raise issues of the health and safety of plaintiffs' patients or relate to the quality of medical care plaintiffs provided to patients.

9.     Plaintiffs are adversely affected by these suspensions. The impact of the OPM suspensions is devastating to Dr. Lazar and his practice because over forty percent (40%) of his patients are Tennessee Medicaid patients.

10.     The suspensions also have a significant and detrimental impact on FEHBP patients who require ear, nose and throat medical services in Memphis, Tennessee and the surrounding rural areas.

## BASES FOR APPEAL

11.     OPM lacked the legal authority to issue the plaintiffs' suspensions.

12.     OPM imposed the suspensions without substantial evidence on the record, taken as a whole. In addition, OPM's imposition of the suspensions was arbitrary, capricious, an abuse of discretion or not otherwise authorized by law.

13.     OPM imposed the suspensions in violation of the United States Constitution, including but not limited to plaintiffs' rights to due process of law.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and set aside OPM's suspensions and award them their costs, attorneys fees and such other relief as the Court may deem appropriate.

Respectfully submitted,

*Mary E. Gately*

Sheldon Krantz, DC Bar No.424546
William R. Weissman, DC Bar No. 83469
Mary E. Gately, DC Bar No. 419151
J. David Folds, DC Bar No. 449791
**DLA Piper Rudnick Gray Cary US LLP**
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone: 202.861.3900
Fax:        202.223.2085

*Attorneys for Plaintiffs, Dr. Rande Lazar
and Otolaryngology Consultants of
Memphis, P.C.*

Dated:  July 11, 2005