# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. RANDE LAZAR, <u>et</u> <u>al.</u> | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1370 (RBW) |
| | ) | |
| OFFICE OF PERSONNEL MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR SCHEDULING CONFERENCE

Plaintiffs Dr. Rande Lazar and Otolaryngology Consultants of Memphis, P.C. ("Plaintiffs" or collectively referred to as "Dr. Lazar"), hereby respond to the order to show cause why this case should not be dismissed for want of prosecution (the "Order") entered December 21, 2005. As set forth below, dismissal for failure to prosecute the case is not warranted because, under the relevant statute, the Defendant OPM, not Dr. Lazar, bears the burden of taking the next step after plaintiffs initiated this case — *i.e.*, filing the administrative record with the Court so that this appeal can proceed. *See* 5 U.S.C. § 8902a(h)(2).

### Factual Background

1.      On May 12, 2005, the Office of Personnel Management ("Defendant" or "OPM") issued a letter decision which, according to the letter, "constitute[d] the final agency action" (the "Final Action Letter") regarding the suspension of Dr. Lazar as a

provider of health care services in the Federal Employees Health Benefits Program

("FEHBP") pursuant to 5 C.F.R. § 890.1031.

2.    The suspension stems from a dispute between Dr. Lazar and the

government involving billing and recordkeeping requirements.  This dispute led the

government to proceed against Dr. Lazar both administratively – the proceeding appealed

in this case – and criminally.  Dr. Lazar was indicted in the United States District Court

for the Western District of Tennessee for alleged billing and recordkeeping violations of

18 U.S.C. § 1347 and 18 U.S.C. § 2 on January 4, 2004.  A superseding indictment was

returned on March 2, 2005.  In the Final Action Letter, Defendant OPM asserts that the

indictment constitutes grounds for mandatory debarment under 5 U.S.C. §8902a(b)(1)

and therefore met the evidentiary threshold for suspension under 5 C.F.R. §

890.1031(a)(1).

3.    On July 11, 2005, Dr. Lazar initiated this action by filing a Notice of

Appeal (the "Notice of Appeal") pursuant to 5 U.S.C. § 8902a(h)(2).[1]  This section

provides:

> Any provider adversely affected by a final decision under paragraph
> (1) made after a hearing to which such provider was a party may seek
> review of such decision in the United States District Court for the
> District of Columbia or for the district in which the plaintiff resides
> or has his or her principal place of business by filing a notice of
> appeal in such court within 60 days after the date the decision is
> issued, and by simultaneously sending copies of such notice by
> certified mail to the Director of the Office and to the Attorney
> General.  **In answer to the appeal, the Director of the Office shall
> promptly file in such court a certified copy of the transcript of**

---

[1] On July 11, 2005, Dr. Lazar served copies of the Notice of Appeal on the Director of OPM and on the Attorney General by certified mail, in accordance with the statute.  Copies of the certified mail certificates are attached hereto as Exhibit 1.

**the record, if the Office conducted a hearing, and other evidence upon which the findings and decision complained of are based.** The court shall have the power to enter, upon the pleadings and evidence of record, a judgment affirming, modifying, or setting aside, in whole or in part, the decision of the Office, with or without remanding the case for a hearing. The district court shall not set aside or remand the decision of the Office unless there is not substantial evidence on the record, taken as whole, to support the findings by the Offices of a cause for action under this section or unless action taken by the Office constitutes an abuse of discretion.

5 U.S.C. § 8902a(h)(2) (emphasis added).

4.    Under Section 8902a(h)(2), after the filing of the Notice of Appeal, Defendant OPM was required to "promptly file" a certified copy of the transcript of the record and other evidence upon which the findings and decision that are the subject of the appeal are based. OPM has not complied with this requirement. Indeed, despite receiving notice of the appeal, OPM did not make any filings or otherwise appear in this action.[2]

5.    On December 21, 2005, the Court ordered the Plaintiffs to show cause why this case should not be dismissed for want of prosecution.

### Argument

6.    Dismissal for failure to prosecute is not warranted in this case. Dr. Lazar has complied with the requirements under Section 8902a(h)(2). The appeal was timely filed and service on the Government was made by certified mail. See Exhibit 1. Under this statutory scheme, the next step is the Government's responsibility for filing a "certified copy of the transcript of the record, if the office conducted a hearing, and other

---

[2] Because OPM has failed to appear in this action, Dr. Lazar is serving a copy of this Response on the Attorney General and the Director of OPM, the same individuals upon whom the Notice of Appeal was served in the same manner provided in the statute for filing the notice of appeal, namely, by certified mail.

evidence upon which the findings and decision complained of are based." It is OPM that is in default, not Dr. Lazar. Once Defendant files the certified record, Plaintiffs also intend to submit a brief in support of their appeal.

      7.    Dismissal for want of prosecution is governed by Local Civil Rule 83.23. This rule provides:

> A dismissal for failure to prosecute may be ordered by the court upon motion by an adverse party, or upon the court's own motion. An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party.

      8.    Courts have typically invoked this rule and dismissed for failure to prosecute when plaintiffs have failed to meet specific deadlines, often after repeated notice that the case may be dismissed. See Maupin v. Department of Energy, 2005 WL 3211883 (D.D.C. Nov. 18, 2005) (dismissing case for failure to prosecute after plaintiff missed deadlines for responding to multiple motions to dismiss, including motion to dismiss for failure to prosecute); Coppedge v. District of Columbia, 2005 WL 914775 (D.D.C. April 19, 2005) (dismissing case for failure to prosecute when plaintiff failed to effect service within 120 days as required by Rule 4(m)).

      9.    Such facts are not present in the instant case. In this case, Dr. Lazar has not caused any delay. Dr. Lazar filed his notice of appeal on a timely basis and served it according to Section 8902a(h)(2). Indeed, it is OPM whose inaction has delayed the adjudication of this appeal. OPM never entered an appearance in this case or filed a certified copy of the record, as required by statute. Since OPM has failed to do so, there is as yet no record for review on appeal.

10.     For these reasons, Dr. Lazar requests that the Court find that this case should not be dismissed for want of prosecution.  Dr. Lazar further requests that OPM be ordered to file a certified copy of the record upon which the findings and decision underlying its decision was based within one week from the date of the Court's Order.

### Request for Scheduling Conference

11.     As noted, once OPM files a certified copy of the record, Dr. Lazar intends to submit a brief in support of his request that the suspensions be set aside.  Dr. Lazar requests that the Court set a scheduling conference, at which time a briefing schedule for this appeal can be established.

Respectfully submitted,

*Mary E. Gately*

Sheldon Krantz, DC Bar No. 424546
William R. Weissman, DC Bar No. 83469
Mary E. Gately, DC Bar No. 419151
**DLA Piper Rudnick Gray Cary US LLP**
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone: 202.861.3900
Facsimile: 202.223.2085

*Attorneys for Plaintiffs, Dr. Rande Lazar
and Otolaryngology Consultants of
Memphis, P.C.*

5

**Certificate of Service**

I hereby certify that on this  *5th*  day of January, 2006, I served a copy of the foregoing Plaintiffs' Response to Order to Show Cause, by certified mail, postage prepaid, on the following:

> Linda M. Springer, Director
> The Office of Personnel Management
> 1900 E Street, N.W.
> Washington, D.C. 20001
>
> Attorney General Alberto R. Gonzalez
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530

> *Mary E. Gately*
> Mary E. Gately

# EXHIBIT 1

**U.S. Postal Service**
**CERTIFIED MAIL₁₄ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₁

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.83 |
| Certified Fee | | $2.30 |
| Return Receipt Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.88 |

Postmark Here
WASH., DC NATIONAL CAPITAL
07/11/2005

Sent To ATTORNEY GENERAL ALBERTO R. GONZALES
Street, Apt. No.; or PO Box No. 950 PENNSYLVANIA AVE NW
City, State, ZIP+4 WASHINGTON, D.C. 20530-0001

7004 2510 0003 3228 8627

PS Form 3800, June 2002          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL₁₄ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₁

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.83 |
| Certified Fee | | $2.30 |
| Return Receipt Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.88 |

Postmark Here
WASH., DC NATIONAL CAPITAL
07/11/2005

Sent To LINDA M. SPRINGER DIRECTOR
Street, Apt. No.; or PO Box No. 1900 E STREET, N.W.
City, State, ZIP+4 WASHINGTON D.C. 20001

7004 2510 0003 3228 8634

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATTORNEY GENERAL ALBERTO R. GONZALES
UNITED STATES DEPT. OF JUSTICE
950 PENNSYLVANIA AVE, NW
WASHINGTON, D.C. 20530-0001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
JUL 1 8 2005
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

le Number
r from service label) 7004 2510 0003 3228 8627

11, February 2004        Domestic Return Receipt        102595-02-M-1540