UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. RANDE H. LAZAR, et al,          )
                                    )
            Plaintiffs,             )
                                    )
                                    )
-v-                                 )  Civ. No. 05-1370 (RBW)
                                    )
OFFICE OF PERSONNEL                 )
MANAGEMENT,                         )
                                    )
            Defendant.              )
                                    )

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
TO SUPPLEMENT THE ADMINISTRATIVE RECORD
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant in the above-captioned case responds in opposition to Plaintiffs' Motion to Amend the Administrative Record. Plaintiffs brought this action against the United States Office of Personnel Management to contest Dr. Lazar's suspension from participating as a health care provider in the Federal Employees Health Benefits Program (FEHB). The suspension was based on Dr, Lazar's indictment in the United States District Court for the Western District of Tennessee. The Agency Deciding Official only reviewed the Superceding Indictment and relied on this document in the determination to suspend Dr. Lazar. See Declaration of J. David Cope, (Cope Decl.) attached as Exhibit 1. Accordingly, the Superceding Indictment was included in the administrative record. (AR 91-134)[1]. Plaintiffs now seek to supplement the

---

[1] "AR _" refers to the numbered pages of the Administrative Record filed with this Court on February 17, 2006.

Administrative record to include the indictment document filed on January 20, 2004, which plaintiffs have referred as the "Original Indictment."  This motion should be denied.

It is a widely accepted principle that the administrative record is composed of the records on which the agency relied or considered in making its decision.  See Citizens to Preserve Overton Park, Inc. V. Volpe, 401 U.S. 402, 420 (1971); Amfac Resorts, L.L.C. v. Dept. of Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001); 5 U.S.C. § 706.  Moreover, there is a presumption that the agency has properly compiled the administrative record and judicial review is confined to that record. Amfac Resorts, 143 F. Supp. 2d at 12; Texas Rural Legal Aid, Inc. V. Legal Services Corp., 940 F. 2d 685, 698 (D.C. Cir. 1991); International Longshoremen's Association, AFL-CIO v. National Mediation Board, 2006 WL 197461 (D.D.C. 2006); Bar MK Ranches v. Yuetter, 994 F. 2d 735, 739 (10th Cir. 1993).  The Court of Appeals for this Circuit has explained the rationale for such principles as follows:

> [J]udicial reliance on an agency's stated rationale and findings is central to a harmonious relationship between agency and court, one which recognizes that the agency and not the court is the principal decision maker.  Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President.  The accepted deference of court to agency would be turned on its head: the so-called administrative state would be replaced with one run by judges lacking the expertise and resources

- 2 -

>necessary to discharge the function they had arrogated unto themselves.

Amfac Resorts, supra, 143 F. Supp 2d at 11, citing San Luis Obispo Mothers for Peace v. NRC, 751 F.2d 1287, 1325-26 (D.C. Cir. 1986)(en banc).

In the instant matter, the Agency Deciding Official never saw nor considered the "Original Indictment", but rather relied solely on the Superceding Indictment. See Cope Decl. at paras. 2-5. Neither is there any basis for asserting that the Agency should have relied upon the "Original Indictment". Indeed, Mr. Cope's declaration indicates that where an original and subsequent indictments are presented, it is Agency practice to exclude consideration of the original and to consider only the most recent indictment. Id. at para. 5. Further, a reference to the date of the "Original Indictment", to which the Superceding Indictment relates back, rather than the date of filing of the Superceding Indictment, does not make the former document part of the administrative record.

Notwithstanding any point plaintiffs wish to make with respect to the "Original Indictment", it is not properly part of the administrative record. Indeed, defendant has not objected to plaintiffs' use of the document as evidence in this matter. Rather, counsel for defendant pointed out that since this is a public record, defendant would stipulate that this Court take judicial notice of the document under Fed. R. Evid. 201.

Plaintiffs have ignored this suitable and easily employed method of presenting evidence to the Court and insisted that defendant, and now this Court, distort the official record with extra-record documents that were never considered by the Agency Deciding Official in his decision making.  Defendant submits that the "Original Indictment" is not properly part of the administrative record and plaintiffs' motion to supplement the record should be denied.  If this Court believes, nevertheless, that the "Original Indictment" is relevant to its determination whether the Agency decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", 5 U.S.C. § 706 (2)(A), then this Court may take judicial notice of the document.

    A proposed order consistent with the foregoing is attached hereto.

Respectfully submitted,

_____/S/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/S /_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/S /_____
DORIS D. COLES-HUFF, DC Bar #461437
Assistant United States Attorney
555 Fourth Street, N.W., E-4216
Washington, D.C.  20530
(202) 514-7170
Doris.Coles@usdoj.gov

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2006, a copy of the foregoing Defendant's Opposition to Plaintiffs' Motion to Supplement the Administrative Record was served via the Court's electronic case filing system on:

>Mary Elizabeth Gately, Esq.
>mary.gately@dlapiper.com

>/ S /
>DORIS D. COLES-HUFF, D.C. Bar # 461437
>Assistant United States Attorney
>Doris.Coles@usdoj.gov