# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RANDE H. LAZAR,<br>  Plaintiff,<br><br>vs.<br><br>OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>  Defendant. | CIV Action No. 1:50-CV-01370-RBW |

DECLARATION

1. My name is J. David Cope and I am the Debarring Official, Office of the Inspector General, U.S. Office of Personnel Management (OPM). My office is located at 1900 E Street, NW, Washington, D.C. 20415. As part of my duties, I was the deciding official in the proceedings that resulted in the suspension of Dr. Rande H. Lazar as a participating provider in the Federal Employees Health Benefit Program ("FEHB").

2. Based upon information contained in the administrative record previously filed with the Court in this case, on February 4, 2005, I determined that Dr. Lazar should be suspended from participating in the FEHB pending the outcome of the charges contained in an indictment filed in the United States District Court for the Western District of Tennessee. A copy of the indictment upon which I based my initial decision is contained in the administrative record.

3. After a hearing requested by Dr. Lazar, and based upon the additional information submitted by Dr. Lazar for my consideration and the information presented at the hearing, by letter dated May 12, 2005, I sustained my initial decision that Dr. Lazar should remain suspended pending the final outcome of the charges contained in the indictment.

4. As noted by Dr. Lazar in his motion to supplement the administrative record in this case, several documents in the record refer to his January 20, 2004 indictment as the basis for Dr. Lazar's suspension. The only document upon which I based my initial and final decisions is the document referred to by Dr. Lazar in his motion as the Superceding Indictment, a copy of which is contained in the record. AR 91-134.[1]

---

[1] "AR __" refers to the numbered pages of the administrative record previously filed with the Court.

5. Upon learning of an indictment of Dr. Lazar, we requested a copy of such indictment from the office of the United States Attorney for the Western District of Tennessee. The copy of the indictment that we received, a copy of which is contained in the record and entitled "Superceding Indictment," is undated. Accordingly, when we referred to the indictment in later correspondence, we used the date of what we now know to be the original indictment (January 20, 2004) rather than the date of the Superceding Indictment. Nonetheless, I emphasize that prior to and during my consideration of Dr. Lazar's case, I never saw or reviewed the original indictment. My consideration and decision solely were based upon the Superceding Indictment. Furthermore, to the extent that there has been a superceding indictment in other cases that have come before me where I had originally considered an original indictment, it has always been my practice to exclude consideration of the original and to consider only the most recent indictment, although, as I stated above, I never saw or considered the original indictment in Dr. Lazar's case.

Under penalties of perjury, the above statements are true and correct to the best of my knowledge and belief.

May 9, 2006

J. David Cope
Deciding Official