UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. RANDE LAZAR, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-1370 (RBW) |
| v. ) | |
| ) | |
| OFFICE OF PERSONNEL ) | |
| MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY TO OPPOSITION TO
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

Plaintiffs Dr. Rande Lazar, et al, ("Dr. Lazar"), through counsel, reply to Defendant's Opposition to Plaintiffs' Motion to Supplement the Administrative Record (the "Opposition") and respectfully state as follows:

1. On February 4, 2005, Defendant Office of Personnel Management ("OPM" or the "Agency") suspended Dr. Lazar from participating as a provider in the Federal Employees Health Benefits Program. Dr. Lazar appealed his suspension to this Court, and, on May 1, 2006, he filed a Motion for Summary Reversal of the suspension. At the same time, Dr. Lazar filed a Motion to Supplement the Administrative Record on appeal to include a copy of the indictment of Dr. Lazar, dated January 24, 2004 ("Original Indictment"), that OPM identified as the grounds for Dr. Lazar's suspension.

2. In its Opposition, OPM contends that the administrative record should not be supplemented to include the Original Indictment because the Suspending Official "never saw nor

considered the 'Original Indictment,' but rather relied solely on the Superseding Indictment" (Opp. p.3). This statement is based upon the Declaration of Mr. David Cope, the Suspending Official, who states that "prior to and during my consideration of Dr. Lazar's case, I never saw or reviewed the original indictment" (Declaration, ¶ 5).

3.  This assertion directly contradicts OPM's notice to Dr. Lazar that "the specific grounds for your suspension is your January 20, 2004 indictment filed in the United States District Court for the Western District of Tennessee . . ." (R.68). On two subsequent occasions, OPM again advised Dr. Lazar that his suspension was based on the Original Indictment of January 20, 2004. *See* R.62 ("The specific grounds for your suspension is your January 20, 2004, indictment in the United States District Court for the Western District of Tennessee"); R.3 ("Dr. Lazar's January 20, 2004 indictment constitutes a finding of probable cause that he committed criminal violations of a nature that, if he were convicted of them, would constitute grounds for mandatory debarment").

4.  In this case, the Original Indictment must be included in the administrative record because it was identified by OPM as the basis for Dr. Lazar's suspension.[1] Moreover, whether the Suspending Official actually "saw or reviewed the original indictment" (Declaration, ¶5) is

---

[1] OPM argues that there is a presumption that the Agency has properly compiled the administrative record and judicial review is confined to that record (Opp. p. 2). Surely, the Agency is not suggesting that its compilation of the record is unreviewable by this Court. The Agency's identification of the administrative record may be rebutted by showing that a document directly or indirectly considered by the Agency was excluded from the record. *See, e.g., International Longshoremen's Ass'n, AFL-CIO v. National Mediation Board*, 2006 WL 197461 *3 (D.D.C. 2006) ("a party can establish that the administrative record is incomplete and thus extra-record evidence should be reviewed by the Court); *Ad Hoc Metals Coalition v. Whitman*, 227 F.Supp.2d 134, 139 (D.D.C. 2002) (supplementing administrative record to include materials reviewed and considered by agency but not included in the administrative record compiled by agency). In this case, the very document upon which the Agency claimed to have relied on in its notices to Dr. Lazar was omitted from the record. Granting the present motion would correct that omission.

not the governing test when considering whether it belongs in the administrative record. The administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers," not just those actually seen by the Suspending Official. *International Longshoremen's Ass'n, AFL-CIO v. National Mediation Board*, 2006 WL 197461 *3 (D.D.C. 2006) (Walton, J.) ("*ILA v. NMB*") (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951)) (internal quotation marks omitted). Dr. Lazar, as the target of the Agency's suspension, was entitled to take the Agency at its word when it gave notice that the suspension was based on the Original Indictment. Plainly, it was part of the administrative proceeding that led to Dr. Lazar's suspension and cannot properly be omitted from the record on which this Court will decide whether the Agency acted lawfully.

5. Review of agency action "must be based on the full administrative record that was before the agency at the time of the decision." *ILA v. NMB*, 2006 WL 197461 *3 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)); *see Walter O. Boswell Memorial Hospital v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (judicial review must be based on "the whole record" and not merely the case presented by one party); *Ad Hoc Metals Coalition v. Whitman*, 227 F.Supp.2d 134, 136-37 (D.D.C. 2002). The complete administrative record consists of all documents and materials directly or *indirectly* considered by the agency and includes evidence contrary to the agency's position. *ILA v. NMB*, 2006 WL 197461 *3; *Fund for Animals v. Williams*, 391 F.Supp.2d 191, 196 (D.D.C. 2005); *Ad Hoc Metals Coalition*, 227 F.Supp.2d at 139. Moreover, "a document need not literally pass before the eyes of the final agency decisionmaker to be considered part of the administrative record." *Clairton Sportsmen's Club v. Pennsylvania Turnpike Comm'n*, 882 F. Supp. 455, 464 (W.D. Pa. 1995).

6.     The record submitted by OPM demonstrates that the Agency staff and hence the Agency considered the Original Indictment when it suspended Dr. Lazar. A case assignment sheet prepared by the OPM sanctions analyst on January 26, 2005 states the following:

> **DOCUMENTS RESEARCHED/RETRIEVED (VIA FEDERAL AGENCY/INTERNET DATABASE SEARCHES, ETC.)**
>
> a.   **INDICTMENT** – Filed January 20, 2004, in the United Stated District Court for the Western District of Tennessee, Western Division

(R.89). This same case assignment sheet contains the program analyst's recommendation that Dr. Lazar be suspended (R.89), a recommendation that was subsequently adopted by the Suspending Official. There is no question that the Original Indictment was a significant factor in OPM's decision to suspend Dr. Lazar. That alone suffices to make that document a part of the administrative record.

7.     The record also reveals that OPM was well aware of the difference between the Original Indictment and the Superseding Indictment. The first reference to the Original Indictment is a docket sheet from the Tennessee action that was printed on March 15, 2004 (R.141), more than eight months before the Superseding Indictment was issued on November 19, 2004. The record also contains a "Memorandum to the Record" about a telephone conversation between the OPM program analyst and a Department of Justice Fraud Investigator. In this memorandum, the OPM program analyst refers separately to the "indictment" and, in the next

sentence, to the allegations in the "superseding indictment" (R.142),[2] demonstrating that the analyst drew a distinction between the Original Indictment and the Superseding Indictment.[3]

8.    Including the Original Indictment in the record is crucial for the Court to discharge its judicial review responsibility in this case. One of the issues Dr. Lazar presented in his motion for summary reversal is whether OPM gave him fair notice of the charges against him that would warrant suspension. Dr. Lazar contends that OPM failed to comply with its own procedural requirements (and due process) by its multiple notices that the suspension was based on the Original Indictment but then, without further notice, relying on the Superseding Indictment with different allegations to uphold the suspension. *See* Memorandum in Support of Motion for Summary Reversal, filed May 1, 2006, at 20-23, 30. The validity of these questionable procedures cannot be adjudicated without having both the Original and Superseding Indictments before the Court.

9.    In sum, the record demonstrates that (1) OPM knew of the Original Indictment before the Superseding Indictment was issued, (2) OPM distinguished between the Original

---

[2] This Memorandum to the Record was not included in the administrative record originally filed by OPM on February 14, 2006, although the subject telephone conversation was referenced in a separate document in the record (R.6-7). On February 22, 2006, Dr. Lazar, through counsel, wrote OPM to inquire about the absence of any specific documents evidencing communications between OPM and the Department of Justice. On March 24, 2006, OPM supplemented the record to include this Memorandum to the Record, dated April 13, 2005.

[3] OPM contends that "a reference to the date of the 'Original Indictment,' to which the Superseding Indictment relates back, rather than the date of filing of the Superseding Indictment, does not make the former document part of the record" (Opp. p. 3). The record, however, indicates that the Agency did not simply get the dates wrong. The two documents have different titles, with the Original Indictment captioned as "Indictment" and the Superseding Indictment captioned as "Superseding Indictment." *Compare* R.91 with the Original Indictment (submitted as an exhibit to Plaintiffs' Memorandum in Support of Motion for Summary Reversal). In stating that "the specific grounds for your suspension is your January 20, 2004 indictment," OPM identified the Original Indictment both by title and by date. As noted, on other occasions, OPM specifically referred to the Superseding Indictment by its title (R.142).

Indictment and the Superseding Indictment, (3) the program analyst retrieved and reviewed a copy of the Original Indictment at the time she made her initial recommendation to suspend Dr. Lazar, and (4) OPM provided specific notice to Dr. Lazar, on multiple occasions, that his suspension was based on the allegations contained in the Original Indictment. Under these circumstances, the Original Indictment is among the "documents and materials directly or indirectly considered by the agency" in making its decision, and the document should be included in the administrative record.

WHEREFORE, Dr. Lazar respectfully requests that the Court grant the Motion to Supplement the Administrative Record.

Respectfully submitted,

*Mary E. Gately*
Sheldon Krantz, DC Bar No. 424546
William. R. Weissman, D.C. Bar No. 083469
Mary E. Gately, DC Bar No. 419151
**DLA Piper Rudnick Gray Cary US LLP**
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone: (202) 861-3900
Facsimile: (202) 223-2085

*Attorneys for Plaintiffs*

Dated: May 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Reply to Opposition to Motion to Supplement Administrative Record has been served by regular U.S. mail on this 24th day of May 2006 or has been served electronically upon the following parties:

Doris Denise Coles-Huff
Office of the United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

_____
Mary E. Gately